Johnny SWANSON III,
et al., Plaintiffs,

v.

Nancy WORLEY, etc.,
et al., Defendants.

Civil Action No. 2:02cv644–T (WO).

United States District Court,
M.D. Alabama,
Northern Division.

May 30, 2006.

See also 340 F.Supp.2d 1295.

Arlene M. Richardson, Richardson Legal Center, LLC, Hayneville, AL, Tommy Allen French, Robert B. French, Jr., PC, Fort Payne, AL, for Plaintiffs.

John J. Park, Jr., Office of the Attorney General, Alabama State House, Montgomery, AL, for Defendants.

## OPINION

MYRON H. THOMPSON, District Judge.

This case challenging various aspects of Alabama's election laws governing independent candidates has taken on the realization of the mythical Greek Hydra: Just as the court resolves one claim, another appears in its place. The court has already granted summary judgment in favor of the state defendants on the plaintiffs' challenge to the 3% signature requirement for independent candidates. *Swanson v. Bennett,* 219 F.Supp.2d 1225, 1231–1234 (M.D.Ala.2002) (*Swanson I* ); *Swanson v. Bennett,* 340 F.Supp.2d 1295, 1299–1301 (M.D.Ala.2004) (*Swanson II* ). It is also apparent that, while partial preliminary-injunctive relief was appropriate on the plaintiffs' 'fair notice' challenge to the deadline-registration change for independent candidates in 2002, *Swanson I,* 219 F.Supp.2d at 1229–1230, that claim is now

moot and thus is due to be dismissed. *Swanson II,* 340 F.Supp.2d at 1298–1299 ("[T]he only way the same wrong could recur for [the plaintiffs] would be if Alabama were to change the law regarding the registration deadline again and fail to give them notice of it again, or if they were to move to another State where the deadline was changed at the last minute. It appears from the current record that these things are not reasonably likely to occur.").

Now that the court has addressed and resolved these two claims, the plaintiffs assert that their claim challenging the deadline-registration change also includes a claim that the deadline-registration change (from six days after the second primary election to the day of the first primary election, 1975 Ala.Code § 17–7–1) unconstitutionally denies them the opportunity to collect signatures on the day of the first primary election. According to the plaintiffs, "The primary polling places are the most viable source of successful petition drives for a variety of reasons including[:] the mindset of electors is on election issues, petitioners are assured that the elector is a registered voter, the electors['] district and polling places are readily apparent, electors are not suspicious of the petitioners' need for personal information, it is the only public place where petitioners' activities are welcomed, and it is the least costly means of obtaining signatures."[1]

However, other factors present in the Alabama election scheme "alleviat[e]," *Swanson I,* 219 F.Supp.2d at 1230, this perceived loss. Alabama "does not restrict voters from signing petitions based on their party affiliation, nor does it restrict voters who have already voted in a primary from signing the petition. Independent candidates can seek signatures from voters who have already signed other petitions, and there are no restrictions on how many signatures may come from a specific geographical area. Alabama does not restrict how many signatures can be submitted in an effort to meet the 3% requirement, and the state allows unlimited time to conduct the petitioning effort." *Id.* The defendants also contend that Alabama needs the additional time afforded by the earlier, first-primary-election deadline to verify petition signatures and to perform other administrative duties connected to the election cycle.

Therefore, applying the balancing test and factors articulated in *Swanson I,* this court concludes that changing the deadline for independent candidates to collect signatures from six days after the second primary election to the day of the first primary election is "reasonable" and does not "put[ ] an unreasonable burden on independent candidates." *Id. See Jenness v. Fortson,* 403 U.S. 431, 438, 91 S.Ct. 1970, 29 L.Ed.2d 554 (1971) (deadline of primary election for independent candidates to meet signature requirement is not "unreasonably early"); *see also Council of Alternative Parties v. Hooks,* 179 F.3d 64 (3d Cir.1999); *Wood v. Meadows,* 207 F.3d 708 (4th Cir.2000); *Rainbow Coalition of Oklahoma v. Oklahoma State Election Board,* 844 F.2d 740 (10th Cir.1988).[2]

An appropriate judgment will be entered.

---

1. Plaintiffs' brief (Doc. No. 89) at 5.

2. The defendants add that, even with the deadline being the first-primary-election day, independent candidates can still collect signatures on that day. The court, however, appreciates that it would be quite difficult, if not impossible in many instances, to prepare petitions and submit them to the designated state or local official and to have a meaningful opportunity to gather additional signatures, all on the same day.

## JUDGMENT

In accordance with the memorandum opinion entered this date, the following is the ORDER, JUDGMENT, and DECREE of the court:

(1) The plaintiffs' 'fair notice' claim is dismissed as moot.

(2) The defendants' motions for summary judgment (Doc. Nos. 11 and 47) are granted on the plaintiffs' 'denial of opportunity to collect signatures on primary-election day' claim, and that judgment is entered in favor of the defendants and against the plaintiffs on this claim, with the plaintiffs taking nothing on their complaint as to this claim.

It is further ORDERED that the parties are to bear their own costs.

The clerk of the court is DIRECTED to enter this document on the civil docket as a final judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.